In the Matter of the Claim of MABEL CARPENTER, Respondent, against LAWRENCE J. KANE, Alleged Employer, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made by the State Industrial Board, noticed January 27, 1937, upon which findings were made April 10, 1937. The deceased was a painter, and while employed at his work fell on May 9, 1936, and died. The alleged employer owned a parcel of land upon which he caused to be built twenty-seven houses. Oral contracts for the doing of parts of the work in the construction of each of these houses had been entered into with various persons. The painting contract on the last house had been entered into with Arthur Phillips, a painting contractor. Phillips had a partnership for the doing of painting with the deceased,

according to which either partner would secure a job whenever possible, and the other would aid in doing the work, furnishing materials and equipment; and according to which each was to have a drawing account out of payments as the work progressed; and at the close of the work whatever amount remained was divided equally between them. The owner of the premises had no contractual relations with the decedent personally, and was not even acquainted with him. The State Industrial Board held that the deceased Roy Carpenter was employed as a painter by the owner Lawrence J. Kane, and was not an independent contractor, and that said Roy Carpenter was not in partnership with Phillips. There is no evidence in the record to justify either of these findings; the evidence supports only the opposite conclusion. The referee stated on the hearing: " Whenever I can hold anybody I am going to hold them," referring to owners entering into such contracts. The attitude thus expressed may not be approved in one exercising judicial or quasi-judicial functions. Award reversed, and claim dismissed, with costs against the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.